UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          CRIMINAL ACTION

VERSUS                            NO. ~~05-136~~ 06-136
                                  Civil No. 09-3063

AARON WAYNE SNEED                 SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion under 28 U.S.C. § 2255 to vacate,

set aside or correct sentence filed by Aaron Wayne Sneed ("Sneed"). Having

considered the record, the memoranda of counsel and the law, the Court has

determined that the motion should be denied for the following reasons.

Pursuant to a plea agreement, Sneed plead guilty to one count for distribution of

possession with intent to distribute 50 grams or more of cocaine base , in violation of 21

U.S.C. §§ 841(b)(1)(A) and was sentenced to120 months imprisonment on June 13, 2007.

No appeal was filed. This motion was filed on February 25, 2009. Sneed challenges his

sentence on the ground that counsel was ineffective for failing to file an appeal as directed by the defendant and that he should have been found "safety valve" eligible at sentencing. The government opposes the motion.

**Strickland**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A defendant seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *See id.* at 697.

To prevail on the deficiency prong, defendant must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Defendant must overcome a strong presumption that the conduct of his counsel falls within a wide range of

reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether the defendant is challenging the actions of trial or appellate counsel. In order to prove prejudice with respect to trial counsel, defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793. In order to prove prejudice with respect to a claim that appellate counsel was ineffective, a defendant must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. *Briesno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001); *see also Smith v. Robbins*, 528 U.S. 259, 286 (2000). Therefore, defendant must demonstrate a reasonable probability that, if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error. *Briesno*, 274 F.3d at 210.

3

Defendant bears the burden of proof when asserting an ineffective assistance of counsel claim. Defendant "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that defendant has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

**Safety valve eligibility/failure to appeal**

The defendant claims that he has been unsuccessful in contacting sentencing counsel, and only learned recently that no appeal was filed when he wrote the United States Court of Appeals for the Fifth Circuit. The defendant focuses on the arguments that he should have been eligible for a "safety valve" sentence under 18 U.S.C. § 3553 and U.S.S.G. § 5C1.2 , and that his counsel's failure to file an appeal on the issue rendered representation ineffective under *Roe v. Flores-Ortega*, 120 U.S. 470 (2000).

The argument in favor of safety valve eligibility was presented by his counsel at sentencing, and denied by the Court. The Court found at sentencing that the defendant was not eligible for safety valve eligibility because he had admitted that he was in possession of a gun at his rearraignment as part of his plea agreement, which included

the dismissal of a second count carrying five year consecutive sentence under 18 U.S.C. § 924(c)(1).   The Court finds this claim continues to lack merit, and that the defendant's bald allegation fails to establish either prong of the *Strickland* test.

The defendant also argues that his counsel failed to file an appeal as directed by him.  Assuming that the defendant did instruct his attorney to file an appeal for purposes of *Roe, supra,* he can not provide the support necessary to warrant relief. Here, the defendant specifically waived his right to appeal his guilty plea as part of the plea bargain in this matter.   Therefore, even assuming that the defendant can meet the first element of the *Strickland* analysis relative that counsel acted deficiently, he can not establish that the failure to file an appeal prejudiced him in any way.

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Aaron Wayne Sneed is DENIED.

New Orleans, Louisiana, this 3rd day of ~~July~~ August, 2009.


HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE